**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

 vs.                                                   **Case No. 4:03cv223/RH/WS**

**CHANCAY, INC.; MARY L. WATKINS;
GADSDEN COUNTY, FLORIDA and
JOHN YOUMANS,**

      **Defendants.**

---

**JUDGMENT OF FORECLOSURE**

THIS CAUSE came before the court on the United States' motion for entry of a Judgment of Foreclosure based upon default. The record establishes that:

(a) All defendants who are parties to this action have been duly served with legal process and the Court has jurisdiction over the parties and the subject matter.

(b) A default has properly been entered by the Clerk of the Court against defendants **MARY L. WATKINS; GADSDEN COUNTY, FLORIDA; and JOHN YOUMANS** for failure to plead or otherwise defend as required by the Federal

Rules of Civil Procedure.

(c)  The pleadings and affidavits on file (there being no depositions, answers to interrogatories or admissions) show there is no genuine issue as to a material fact and that the United States is entitled to a Judgment of Foreclosure as a matter of law as to these defendants.

(d)  The United States has submitted to the Court its proof in the form of the original promissory note, mortgage, and subsidy repayment agreement, together with a Certificate of Indebtedness due from defendant **MARY L. WATKINS**; the proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the Court finds a breach of the mortgage contract and the following amounts to be due to the plaintiff thereon from defendant **MARY L. WATKINS**:

| | |
|---|---:|
| Unpaid Principal as of February 23, 2005 | $45,568.94 |
| Unpaid Interest to February 23, 2005 | 11,639.99 |
| Interest from February 23, 2005, through May 20, 2005 (86 days at $9.0514 per day) | 778.42 |

| | |
|---|---|
| Subsidy Recapture Amount | 6, 869.70 |
| Escrow/Impound Amount | 7,549.41 |
| TOTAL AMOUNT DUE as of May 20, 2005 | $72,406.46 |

Interest accrues hereafter at the annual rate of 3.35 %, as provided for in Title 28, United States Code, Section 1961.

(e)  Defendant **CHANCAY, INC.**, is the first lien holder on the subject property and its superior lien has been recognized.  The following amount is due to defendant **CHANCAY, INC.**, from defendant **MARY L. WATKINS,** on the first lien:

| | |
|---|---|
| Unpaid Principal and Interest as of March 25, 2005 | $24,472.70 |
| Interest from March 25, 2005, through May 20, 2005 (56 days at $12.07 per day) | 675.92 |
| Attorney's fees and costs (through May 9, 2005) | 3,944.11 |
| TOTAL AMOUNT DUE: | $29,092.73 |

Interest accrues hereafter at the annual rate of 3.35 %, as provided for in Title 28, United States Code, Section 1961.

(f)  The total due to the United States and Chancay, Inc. from defendant Mary L. Watkins, as set forth in paragraphs (d) and (e) above, is $101,499.19, as of May 20, 2005.

IT IS THEREFORE, ORDERED AND ADJUDGED:

(1)  The defaults entered by the Clerk of this Court against defendants **MARY L. WATKINS; GADSDEN COUNTY, FLORIDA;** and **JOHN YOUMANS** be and the same are hereby ratified and confirmed and Judgment of Foreclosure by default is hereby entered in favor of the plaintiff United States of America against such defendants.

(2)  Defendant **MARY L. WATKINS** IS ordered and directed to pay to the United States within ten (10) days after the date hereof the sums of money found to be due the United States on the note, mortgage, and subsidy repayment agreement as set forth above.

(3)  If such defendant shall fail to pay said sums within the ten (10) day period, then, under the applicable laws and rules of this Court, the United States Marshal is appointed sales officer and ordered and directed to sell, free and clear of all liens and

encumbrances, the following described mortgaged property, situated, lying and being in Gadsden County, Florida, to wit:

> Lot 2 of Post Plant Road Subdivision according to a map or plat thereof recorded in Plat Book 2, page 52 of the public records of Gadsden County, Florida.

(4) The United States Marshal shall advertise the sale of the subject real property in accordance with Title 28, United States Code, Sections 2001 and 2002, after giving proper notice, and conduct a sale of the property at the front door of the Gadsden County Courthouse at Quincy, Florida.

(5) Upon the sale being made of the property and confirmed by this Court, the defendants and all persons claiming under or against them since the filing of the Notice of the Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

(6) The United States is authorized to bid at the sale and any bid made by the United States shall, after payment of the **CHANCAY, INC.**, lien be credited against the indebtedness due the United States. If the United States is the successful bidder for an amount less than the amount due hereunder, then the United States may pay

5

costs of Court and expenses due hereunder and it is not necessary for plaintiff to pay over any money other than the costs of this suit.

(7) Any attorney fees incurred by the defendant, **CHANCAY, INC.**, shall be satisfied to the extent that the **CHANCAY, INC.**, mortgage permits such fees, as approved by the Court, to be charged to the borrower. The United States shall have no responsibility to pay attorney fees, should the sale fail to realize sufficient funds to satisfy **CHANCAY, INC.**'s mortgage

(8) Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. Upon the sale being made the Marshal shall retain the proceeds thereof until confirmation and order of disbursement is made herein.

(9) The Court reserves the jurisdiction to make such further orders as may be appropriate, including, but not limited to, a deficiency judgment should the sale proceeds be insufficient to pay plaintiff the sums owed by the borrower; the issuance

of a writ of assistance should repossession of the subject real property be contested; an order for the taxation of all costs; and an appropriate order of disbursement.

SO ORDERED this 20th day of May, 2005.

s/Robert L. Hinkle
Chief United States District Judge
